**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00426-REB-MJW

HARDSCRABBLE RANCH, LLC, f/k/a Farley Ranch, LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**ORDER GRANTING MOTIONS TO AMEND
SCHEDULING ORDER & CONTINUE TRIAL**

**Blackburn, J.**

This matter is before me on the following: (1) the **Fourth Stipulated Motion To Amend Scheduling Order and Motion To Modify Trial Preparation Conference Order** [#27][1] filed October 29, 2014; (2) the **Plaintiff's Unopposed Motion To Amend Scheduling Order** [#28] filed December 9, 2014; (3) the **Motion for Leave To File Motion To Dismiss for Lack of Jurisdiction** [#29] filed December 24, 2014; and (4) the **Motion for Leave To File Out-of-Time Motion To Exclude Expert Testimony or, in the Alternative, To Accept Fed. R. Evid 702 Challenge at Trial** [#34] filed January 15, 2015. Responses were filed to the non-stipulated motions.

This case is set for trial to the court beginning March 16, 2015, at 9:00 a.m. The claim of the plaintiff is a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C.

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

§ 1346(b).  In the motions listed above, the parties outline circumstances that have slowed trial preparation and motions practice in this case.  Some discovery was delayed in mid-September 2014, in anticipation of an appearance of new counsel for the defendant.  New counsel entered his appearance on September 26, 2014.

In November and December 2014, the depositions of several witnesses were delayed due to scheduling conflicts. These delays included delays related to certain putative expert witnesses.

As these delays accrued, the parties sought extensions of certain deadlines, but those motions were not resolved.  Now, although the discovery cut-off and other relevant deadlines have expired, the defendant reasonably seeks extensions of time to file a dispositive motion and a motion under Rule 702.

In the dispositive motion, the defendant seeks to argue that the so-called discretionary function exception applies to this case and, as a result, the waiver of sovereign immunity found in the FTCA is not applicable to this case.   28 U.S.C. § 2680(a).  This is a jurisdictional issue.

 In addition, now that discovery related to expert witnesses is complete, the defendant seeks to file a motion to exclude the proposed expert testimony of witness Robert Hamilton.  Given these circumstances, the plaintiff seeks an extension of certain deadlines and the parties ask that the trial be re-set to a later date.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary.  ***See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.***,175 F.3d 1221, 1230 (10th Cir. 1999) (citing ***U.S. v. West***, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing

factors)).  The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)).  The parties' motion addresses these factors and describes specific facts in this case relevant to the **West** factors.

Applied to the present case, these factors augur toward an extension of the dispositive motion deadline and the deadline for Rule 702 motions.  Orderly resolution of these motions will permit the court to resolve the jurisdictional issue the defendant seeks to raise in its proposed motion to dismiss as well as the expert witness issues related to the testimony of Robert Hamilton.  Resolution of these issues prior to trial requires a continuance of the trial date currently set.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Fourth Stipulated Motion To Amend Scheduling Order and Motion To Modify Trial Preparation Conference Order** [#27] filed October 29, 2014, is **GRANTED** on the terms stated in this order;

2. That the **Plaintiff's Unopposed Motion To Amend Scheduling Order** [#28] filed December 9, 2014, is **GRANTED** on the terms stated in this order;

3. That the **Motion for Leave To File Motion To Dismiss for Lack of Jurisdiction** [#29] filed December 24, 2014, is **GRANTED**;

4. That the **Defendant's Motion To Dismiss Under Rule 12(b)(1)** [#29-1], tendered with the defendant's **Motion for Leave To File Motion To Dismiss for Lack of Jurisdiction** [#29] filed December 24, 2014, and the attached exhibits [#29-2 - #29-21], are **ACCEPTED** for filing[2];

5. That the **Motion for Leave To File Out-of-Time Motion To Exclude Expert Testimony or, in the Alternative, To Accept Fed. R. Evid 702 Challenge at Trial** [#34] filed January 15, 2015, is **GRANTED**;

6. That the **United States's Motion To Exclude Expert Witness Testimony** [#34-1], and the attached exhibits [#34-2 - #34-6], are **ACCEPTED** for filing;

7. That the response and reply to the **United States's Motion To Exclude Expert Witness Testimony** [#34-1] shall be marshaled under D.C.COLO.LCivR 7.1(d), based on a filing date for that motion of February 19, 2015;

8. That the combined Final Pretrial Conference and Trial Preparation Conference set February 27, 2015, and the trial set to commence March 16, 2015, are **VACATED** and **CONTINUED** pending further order;

9. That counsel **SHALL CONTACT** the court's administrative assistant **at (303) 335-2350** on **April 30, 2015, at 10:00 a.m.** (MDT), to reschedule the combined Final Pretrial Conference and Trial Preparation Conference and the trial;

10. That when re-set, the trial shall be set for three consecutive trial days, Monday through Wednesday, unless counsel for the parties requests additional trial

---

[2] The court notes that a response [#33] and reply [#35] addressing the motion to dismiss have been filed.

4

time during the April 30, 2015, telephone setting conference; and

11.  That the **Trial Preparation Conference Order** [#14] entered April 21, 2014, and the **Civil Scheduling Order** [#13] filed April 21, 2014, are **AMENDED** and **SUPPLEMENTED** accordingly.

Dated February 19, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge