### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 14-cv-00426-REB-MJW

HARDSCRABBLE RANCH, LLC, f/k/a Farley Ranch, LLC

      Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

      Defendant.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the **Defendant's Motion to Dismiss Under Rule 12(b)(1)** [#39][1] filed February 19, 2015. The plaintiff Hardscrabble Ranch, LLC, filed a response [#33], and the defendant filed a reply [#35]. I grant the motion.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346(b)(1) (Federal Tort Claims Act).

## II.  STANDARD OF REVIEW

The United States seeks dismissal of the complaint under Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  ***Holt v. United States***,

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

46 F.3d 1000, 1002 (10th Cir. 1995).   When addressing a facial attack, I must accept the allegations of the complaint as true. *Id*.   The plaintiff bears the burden of establishing that subject matter jurisdiction exists.   **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz**, 223 F.Supp.2d at 1199.   "'[The] motion must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction.'"   **Fritz**, 223 F.Supp.2d at 1199 (quoting **Groundhog v. Keeler**, 442 F.2d 674, 677 (10th Cir. 1971)).

In contrast, when a party goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint.   **Sizova v. National Institute of Standards & Technology**, 282 F.3d 1320, 1324 (10th Cir. 2002); **Holt**, 46 F.3d at 1003.   "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."   **Holt**, 46 F.3d at 1003.   The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case," that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case."   **Sizova**, 282 F.3d at 1324 (quoting **Wheeler v. Hurdman**, 825 F.2d 257, 259 (10th Cir.), **cert. denied**, 108 S.Ct. 503 (1987)(internal quotation marks omitted); **see also Holt**, 46 F.3d at 1003.   Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."   **Pringle v. United States**, 208 F.3d 1220, 1223 (10th Cir. 2000).

In its response [#33] to the motion, the plaintiff contends the motion to dismiss must be treated as a motion for summary judgment.   In its reply [#35], the United States does not object to such a conversion of its motion.   Whether the standard of Rule 12(b)(1) or Rule 56 is applied, the United States contends, the result is the same.

Thus, I will treat the motion as a motion for summary judgment under Rule 56. The motion requires the court *per force* to consider policies, regulations, and protocols for fighting fires of the United States Forest Service (USFS).   Because these matters clearly extend beyond the four corners of the complaint, but are inextricably intertwined with the merits, I analyze the motion under Rule 56.   ***Id*.**; ***see also Redmon By and Through Redmon v. U.S.***, 934 F.2d 1151, 1155 (10th Cir. 1991).

I began by reciting the familiar standards governing summary judgment. Summary judgment is proper when there is no genuine dispute about any material fact, and the movant is entitled to judgment as a matter of law.   **FED. R. CIV. P.** 56(a); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).   A dispute is "genuine" if the issue could be resolved by a jury in favor of either party.   ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).   A fact is "material" if it might reasonably affect the outcome of the case.   ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must demonstrate the absence of a genuine dispute of a material fact.   ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 514 U.S. 1004 (1995).   Once the motion has been properly supported, the burden shifts to the

3

nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Id.* at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 528 U.S. 933 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.   ANALYSIS

#### A.   Facts

This case concerns claims against the United States brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 - 2680. The claims of the plaintiff, Hardscrabble Ranch, LLC, are based on the Sand Gulch fire which burned from April 26, 2011, through May 1, 2011, approximately 19 miles south of Canon City, Colorado. The Sand Gulch fire was ignited by a lightning strike in the San Carlos Ranger District, which is part of the Pike and San Isabel National Forests, and the Cimmarron, and Comanche National Grasslands (PSICC). These national forests and grasslands are managed by the USFS. Of the approximately 495 acres burned by the fire, approximately 202 acres were private land, including an alleged 154 acres on the property of Hardscrabble.

Hardscrabble alleges that the USFS was required to follow numerous policies, regulations, and protocols for fighting fires. According to Hardscrabble, the USFS failed to follow these directives. Hardscrabble claims the USFS was negligent in failing to

follow the applicable directives and in how it responded to and managed the fire. Based on this incident, Hardscrabble asserts claims of (1) negligence, (2) trespass, and (3) nuisance, all based on the actions of the USFS in addressing the fire.

## B.   FTCA & Discretionary Function Exception

Under 28 U.S.C. § 1346(b)(1), this court has exclusive jurisdiction over claims against the United States for money damages to compensate for injury or loss of property caused by the negligent or wrongful act of an employee of the United States, including employees of the USFS, while acting within the scope of his or her office or employment. Further, the United States may be liable for a tort claim in the same manner and extent as a private individual under like circumstances. 28 U.S.C. § 2674. However, there are exceptions to this waiver of governmental immunity. One such exception is the discretionary function exception, which is implicated here. The discretionary function exception excludes from the FTCA's waiver of immunity any claim

> based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

According to the USFS, the claims of Hardscrabble under the FTCA are barred by the discretionary function exception. If so, this Court *per force* must dismiss Hardscrabble's suit for lack of subject matter jurisdiction. To prevail on its FTCA claims, the plaintiff must allege and prove more than negligence on the part of a government employee. ***Elder v. United States***, 312 F.3d 1172, 1176 (10th Cir. 2002). The plaintiff

must allege and prove also that its "claims are not based upon actions immunized from liability under the FTCA's discretionary function exception . . . ." *Id*.  As part of its burden to establish subject matter jurisdiction, the plaintiff must show that its claims fall outside of the discretionary function exception.  *Id*.  To determine if the discretionary function exception bars suit against the United States, the court is guided by the two-pronged test of **Berkovitz v. United States**:   (1) whether the relevant conduct of the governmental employee was discretionary; and (2) whether the discretion exercised by the governmental employee was the kind that the discretionary function exception was designed to shield from liability.   486 U.S. 531, 536 (1988).

### C. Application of the Discretionary Function Exception

Before the fire, dry conditions presented a high risk of an aggressive fire that threatened nearby private land.   On April 29, 2011, approximately three days after the fire started, one fire engine and crew were assigned to monitor the fire.   That day, the USFS formalized the decision (titled "April 29 Decision") to allow the fire to burn on public land, but to "keep the fire from moving toward private land."   Because the fire spread to private lands, Hardscrabble claims that the USFS contradicted its own formalized decision by permitting the fire to reach private land.

The USFS contends the discretionary function exception applies to the actions of the USFS concerning the Sand Gulch fire.   Specifically, the USFS argues Hardscrabble failed to identify a policy or regulation that precludes the exercise of its discretion for the relevant conduct of USFS personnel.

#### 1. Whether Conduct Was Discretionary

To satisfy the first prong of the **Berkovitz** test, the plaintiff must identify a

regulation or policy directive that removes the exercise of judgment or choice from the acting USFS personnel.   *Berkovitz*, 486 U.S. at 536.   A directive to take a general type of action or to meet an objective is not sufficiently specific to remove the exercise of judgment or choice.   Rather, the first prong of the *Berkowitz* test is satisfied only when the regulation or policy directs a specific action to be taken.   *Elder*, 312 F.3d at 1180.

In *Elder*, the plaintiff sued the United States after the son of the plaintiff sustained fatal injuries when he fell on slippery rocks, a known hazard in a United States National Park.   *Elder*, 312 F.3d at 1174.   The plaintiff claimed park policies that specified "minimum program requirements," including marking "recognized hazards," removed judgment or choice from government employees on the question of whether to post warning signs near the slippery rocks.   *Id*.   The court found that the discretionary function exception applied because the policies cited by the plaintiff were not specific enough to dissolve the element of judgment or choice.   *Id*.

Here, Hardscrabble cites two documents that govern the USFS response to wild fires in the PSICC.   The first document is the PSICC Fire Management Plan (PSICC FMP).   The PSICC FMP is "a plan that identifies and integrates all wildland fire management and related activities within the context of approved land/resource management plans."   *Response* [#33] p. 13, *citing Guidance for Implementation of Federal Wildland Fire Management Policy*   [#29-9] p. 16.   The second document is the 1984 Land Resource Management Plan for the PSICC, as amended pursuant to Amendment 32 (PSICC L/RMP). *Response* [#33] p. 13, *citing Land Resource Management Plan, Amendment Number 32* [#29-12].   The PSICC L/RMP is a decision-making document that includes a checklist used to assess whether a situation

warrants the initiation or continuation of wildland fire use implementation.  *Id.* at 13-14.

The checklist is as follows:

| ***Decision Checklist for considering WFU*** | | |
|---|---|---|
| Is there a threat to life, property, or public and firefighter safety that cannot be mitigated? | Yes | No |
| Are potential effects on cultural and natural resources outside the range of acceptable effects? | Yes | No |
| Are relative risk indicators and/or risk assessment results unacceptable to the appropriate Agency Administrator? | Yes | No |
| Is there other proximate fire activity that limits or precludes successful management of this fire? | Yes | No |
| Are there other Agency Administrator issues that preclude windland fire use? | Yes | No |

*Id.* at 14.   The PSICC L/RMP also sets forth other monitoring procedures and

considerations when assessing a wildland fire.  *Id*. at 15-18.   Hardscrabble argues that

the USFS failed to complete or consider the checklist or account for the other

considerations, as set forth in the PSICC L/RMP, when assessing the Sand Gulch Fire.

*Id*. at 15.

Addressing the checklist, the USFS contends that Hardscrabble failed to identify a

"specific and mandatory" statute, regulation, or policy that removed the ability of the

USFS to exercise discretion in deciding how to respond to and manage the Sand Gulch

fire personnel.[2]   *Reply* [#35] p. 9.   Specifically, the USFS argues that the checklist could

---

[2]   To an extent, the parties dispute which regulations were applicable.   However, both assess the PSICC L/RMP checklist as a policy or regulation for analyzing the discretionary function exception.   This court finds it prudent to rely on the PSICC L/RMP as a basis for determining if the procedures preserved or eliminated discretion.

not be completed without exercising discretion. Further, the USFS argues, the checklist uses undefined and inherently discretionary terms. For instance, the checklist requires USFS personnel to assess whether there is a threat to life, property, or public and firefighter safety. The defendant asserts that this example, like others in the checklist, requires USFS personnel to exercise discretion and judgment when answering this question.

I find and conclude that the policies and "formal decisions" cited by the plaintiff do not involve procedures that eliminate judgment or choice from USFS fire management personnel.[3] Just the opposite, the checklist and the other cited policies require the exercise of discretionary judgment rather than eliminate it. Just as in *Elder*, where the guidelines require management to determine if a hazard exists, the severity of the hazard, and what safety measures are necessary, the USFS policies and "formal decisions" require the fire fighters to exercise discretion and judgment to assess the severity of the fire before acting.

For example, the Interagency Reference Guide gives the USFS personnel authority to conduct a risk assessment. The guide requires the assessor to decide if the risk assessment results would be unacceptable to the appropriate agency administrator. Notably, the complaint admits that a risk assessment must be performed by a USFS employee to determine the appropriate actions when fighting or containing a fire. Given

---

[3] The procedures and protocols cited by Hardscrabble do little to eliminate the decision maker's discretion and judgment. If specific quantitative parameters guided the Forest Service personnel to act or not act, this Court may have been more willing to find that discretion and judgment were removed. Specifically, the checklist would have eliminated discretion and judgment if it specified that personnel were to act in a clear and definitive manner in the event that the fire was less than or equal to "500 yards" from a private residence.

the requirement of § 2680(a), as construed in *Elder*, I find and conclude that the policies and "formal decisions" by the USFS do not eliminate choice and judgment from the USFS fire management personnel.

        2.   <u>Whether Discretion Shielded by the Discretionary Function Exception</u>

Second, because there is an inherent element of choice and judgment in the implementation of the policies in question, this court must consider whether the discretionary actions being challenged were intended to be protected by the discretionary function exception. *Berkovitz*, 486 U.S. at 536. The Supreme Court examined the second part of the *Berkovitz* test in *United States v. Gaubert*, 499 U.S. 315 (1991). The *Gaubert* Court said:

> When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime. The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*Id*. at 324 - 25.

Applying both *Berkovitz* and *Gaubert*, the United States Court of Appeals for the Tenth Circuit examined the discretionary function exception in *Duke v. Department of Agriculture*, 131 F.3d 1407, 1411 (10th Cir. 1997). The *Duke* court noted almost any government decision or non-decision can be said to involve choice and at least a hint of policy concerns. *Id*. at 1411. The court found that this broad approach would "eviscerate the second step of the analysis set out in *Berkovitz* and *Gaubert*" and "would

allow the exception to swallow the FTCA's sweeping waiver of sovereign immunity." *Id*. (internal quotation and citation omitted).   Instead, the court held, "(w)e must ask if the decision or nondecision implicates the exercise of a policy judgment of a social, economic or political nature." *Id*.

The United States Court of Appeals for the Ninth Circuit has applied the discretionary function exception to fire-fighting cases.   For example, in *v. United States*, 163 F.3d 591, 595-96 (9th Cir. 1998), the court held that Forest Service decisions regarding how to attack a fire reflected the type of economic, social, or political concerns that the discretionary function exception is designed to protect because those decisions involve a balancing of important considerations, including cost, public safety, firefighter safety, environmental impact, and resource damage.

In *State Farm Fire & Casualty Company, Inc. v. United States,* Civil Action No. 06-cv-01135-WYD-MJW, 2008 WL 2798178, at *1 (D. Colo. July 18, 2008), the district court concluded that *Miller* was distinguishable.   In *State Farm*, the plaintiff sued the United States alleging negligence for failure to extinguish a forest fire.   *Id*.   The forest fire was started by a federal employee working as a Forest Service Technician.   *Id.* After making a failed attempt to contain the fire, the technician made a radio broadcast for support.   *Id.*   By the time the fire was contained, the fire had burned for 17 days and damaged approximately 138,000 acres of land.   *Id.*   The district court held that the discretionary function exception did not apply.   *Id.* at 5.   The district court reasoned that, unlike in *Miller*, there was no indication that the Forest Service Technician engaged in balancing the relevant considerations of competing policy concerns, fire suppression costs, minimization of resource damage, environmental impacts, or protection of private

property. *Id.*

In the present case, the complaint alleges facts strikingly similar to *Miller*. As in *Miller*, the planning and monitoring performed by the USFS concerning the Sand Gulch fire did not stop the fire before the fire reached private land. Further, like *Miller*, the USFS decisions to monitor the fire involved significant social, environmental, and economic concerns. Given the requirement of § 2680(a), as construed in *Gaubert*, *Miller*, *Duke*, and *State Farm*, I find and conclude that the discretionary actions of the USFS at issue here were intended to be and are protected by the discretionary function exception.

## IV. CONCLUSION & ORDERS

The policies and "formal decisions" of the Forest Service do not eliminate choice and judgment from USFS fire management. Further, the type of inherently discretionary actions at issue here are intended to be protected by the discretionary function exception. Thus, I conclude ultimately that the discretionary function exception applies to the claims of the plaintiff. 28 U.S.C. § 2680(a). Accordingly, the court is without jurisdiction to consider these claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion to Dismiss Under Rule 12(b)(1)** [#39] filed February 19, 2015, shall be treated as a motion for summary judgment under Fed. R. Civ. P. 56;

2. That the **Defendant's Motion to Dismiss Under Rule 12(b)(1)** [#39] filed February 19, 2015, viewed as a motion for summary judgment, is granted;

3. That under Fed. R. Civ. P. 56 and 28 U.S.C. § 2680(a), the claims of the

plaintiff are dismissed for lack of subject matter jurisdiction;

    4.   That judgment shall enter in favor of the defendant, the United States of America, against the plaintiff, Hardscrabble Ranch, LLC, f/k/a Farley Ranch, LLC; and

    5.   That the defendant is awarded its costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

    6.   That this case is closed.

Dated September 11, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge